**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

GRASS VALLEY TERRACE,
a California Limited Partnership, *et al.*,

Plaintiffs,

**File Nos. 98-726C; 98-726-3C**
**Chief Judge Edward J. Damich**

v.

THE UNITED STATES

Defendant.

**MOTION FOR SUBSTITUTION OF PLAINTIFF**

Plaintiffs and Mr. Russell Kassner hereby move, pursuant to Rules 25(a) and 17(b) of the Rules of the United States Court of Federal Claims, for the substitution of Russell Kassner as a plaintiff in this action in place of his mother, plaintiff Marjorie Kassner. In support of this motion, plaintiffs show to the Court that:

1. Plaintiff Marjorie Kassner died on September 8, 1999, subsequent to the filing of this action. Declaration of Margaret Wilcoxon ("Wilcoxon Decl."), ¶ 14 (attached as Exhibit A to Declaration of Mark J. Blando ("Blando Decl.")).

2. Ms. Kassner's estate was partially distributed on May 15, 2001, with the potential proceeds from this lawsuit going equally to her three children, Russell Kassner, Mark Blaine Walker and Gretchen Kassner. Order Approving Partial Distribution and Partial Attorneys Fees (Dist. Ct. Wyo. May 15, 2001) (attached as Blando Decl., Exhibit B); *see also* Deposition of Russell Kassner ("Kassner Depo.") at 10 (attached hereto as Blando Decl., Exhibit C).[1]

[1] Although the estate of Marjorie has been partially distributed, it has not been fully distributed and has not been closed. Thus, as an alternative to naming Russell Kassner as plaintiff in substitution of his mother, the Estate of Marjorie Kassner remains a property party to this action.

3. On June 3, 2004, defendant took the deposition Russell Kassner in his capacity as heir to his mother's estate. *See* Kassner Depo. at 10, 76-80 (attached hereto as Blando Decl., Exhibit C).

4. On or about February 16, 2005, defendant filed a Suggestion of Death under Rule 25(a)(1) stating that plaintiff Marjorie Kassner passed away on September 8, 1999.

5. The claims of plaintiff Marjorie Kassner, as causes of action for breach of contract and a Fifth Amendment taking of property, are compensatory in nature and thus did not abate upon her death. *See Acebal v. United States*, 60 Fed. Cl. 551, 555 (2004) ("Actions in the nature of a penalty thus abate on death . . . . A cause of action for debt, on the other hand, survives the death of a plaintiff."); *see also Palazzolo v. Rhode Island*, 533 U.S. 606 (2001) (takings claims survives a transfer of ownership interest); *Goodwyn v. United States*, 33 Fed. Cl. 730 (1995) (judgment in favor of plaintiff's takings claim upheld even though a named plaintiff was deceased when action commenced).

6. Russell Kassner is a proper party to pursue the claims of plaintiff Marjorie Kassner under RCFC 17(b) because he is an heir and successor in interest to Marjorie Kassner's estate. *Sinito v. Dept. of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) (holding, under Fed. R. Civ. P. 25(a)(1), that "the distributee of a decedent's estate may be a 'successor' of an estate that has been distributed and thus can be a proper party"); *Moncreif v. Williston Basin Interstate Pipeline Co.*, 880 F.Supp. 1495, 1512 (D. Wyo. 1995) (holding, under Wyoming law, that grandchildren who obtained interests in decedent's estate were real parties in interest and proper plaintiffs). *See generally Acebal*, 60 Fed. Cl. at 557 (ability to sue as a representative is determined by applicable state law).

## CONCLUSION

For the reasons set forth above, plaintiffs respectfully request that the Court grant this motion and substitute Russell Kassner as a plaintiff in this action in place of his mother, the deceased Marjorie Kassner.

Dated: May 17, 2005

**Filed Electronically**

**s/Jeff H. Eckland**

Jeff H. Eckland
Mark J. Blando, Of Counsel
ECKLAND & BLANDO LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Tele: 612-305-4444
Fax: 612-305-4439

*Attorneys for Plaintiffs and for moving party Rusell Kassner*