IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRASS VALLEY TERRACE, A CALIFORNIA LIMITED PARTNERSHIP, et al., | ) | |
| Plaintiffs, | ) | No. 98-726C; 98-7263C (Chief Judge Damich) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR SUBSTITUTION OF PLAINTIFF**

In response to defendant's February 16, 2005 suggestion upon the record of the death of the plaintiff in Case No. 98-7263C, Marjorie Kassner, plaintiffs have moved for the substitution of Ms. Kassner's son, Russell Kassner, as a plaintiff in this action. The stated basis for substituting Mr. Kassner is that "Ms. Kassner's estate was partially distributed on May 15, 2001, with the potential proceeds from this lawsuit going equally to her three children, Russell Kassner, Mark Blaine Walker and Gretchen Kassner." Pl. Mot. 1. Whoever may be entitled to the proceeds from this suit, if any, it is clear from the motion and supporting documents that the contract and property rights upon Ms. Kassner's claims were based do not belong to Mr. Kassner, and that, likewise, the cause of action asserted in the pleadings do not belong to Mr. Kassner.

Exhibit A to the Order Approving Partial Distribution (attached to plaintiff's motion as Exhibit B) states that each of the above-named individuals were given "an undivided one-third interest in any and all net proceeds obtained as a result of damages awarded to the Estate of Marjorie Kassner in Grass Valley Terrace v. United States, Civil No. 98-726C, United States Court of Claims" (emphasis added). It is plain from the reference to "damages awarded to the Estate" that any right to receive an award of damages remained with the estate, and that what

was distributed was only the right to net proceeds obtained as a result of any such award. Further, substitution of Mr. Kassner as plaintiff would be inconsistent with a distribution of "an undivided one-third interest" to each of the three individuals named, because, if Mr. Kassner were the named plaintiff in No. 98-7263C, any award of damages would be made to Mr. Kassner alone. Finally, the motion does not suggest that Mr. Kassner possesses any rights relating to the claims in this case that are not shared equally by the other two distributees, or that he is qualified to sue as a representative of these individuals. Nor does Mr. Kassner purport to be the executor of the estate of the deceased plaintiff.[1]

In addition, Rule 25(a)(1) of the Rules of this Court provides: "Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." Plaintiffs filed their motion to substitute on the ninetieth day following the filing of our Suggestion of Death concerning Ms. Kassner, and the latter filing was the first one expressly captioned as a suggestion of death. However, as Exhibit A to plaintiffs' motion demonstrates, Ms. Kassner's death was suggested upon the record by plaintiffs as early as November 11, 2000. On that date, plaintiffs filed an opposition to the Government's motion for summary judgment, and among the exhibits to that opposition was a declaration stating, among other things, that Ms. Kassner died on February 8, 1999. (Exhibit A to plaintiffs' motion to substitute is a copy of the same declaration.) See Pl. Mot. Exhibit A, p.4, ¶ 14; Plaintiffs' Brief in Opposition to Defendant's Motion for Summary Judgment,

[1] Plaintiffs note that "[a]lthough the estate of Marjorie has been partially distributed, it has not been fully distributed and has not been closed. Thus, as an alternative to naming Russell Kassner as plaintiff in substitution of his mother, the Estate of Marjorie Kassner remains a property party to this action." Pl. Mot. 1, n.1. The estate, however, does not "remain" a proper party because it has never been named as a party, and plaintiffs have not moved to substitute the estate as a party.

Appendix 450, ¶ 14. Thus, by February 10, 2001, Ms. Kassner's claims were already subject to dismissal pursuant to RCFC 25(a)(1).

For the foregoing reasons, plaintiffs' motion to substitute Russell Kassner as a plaintiff in this action should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/David M. Cohen**
DAVID M. COHEN
Director

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 305-7561
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
Michael S. Dufault
Kenneth S. Kessler
Commercial Litigation Branch
Civil Division
Department of Justice

**Filed electronically**

June 2, 2005